UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERARD T. OUIMETTE, )
Defendant-Movant, )
v. ) Case No. 99-489-T
)
UNITED STATES OF AMERICA, )
Plaintiff-Respondent. )

---

**DEFENDANT-MOVANT'S SUPPLEMENT TO DEFENDANT-MOVANT'S MOTION TO REOPEN 2255 PROCEEDINGS PURSUANT TO FED. R. CIV. P. 60(b)**

---

NOW COMES GERARD T. OUIMETTE the defendant-movant pro-se and hereby supplements the attached Defendant-Movant's Motion To Reopen 2255 Proceedings Pursuant To Fed. R. Civ. P. 60(b), with the following:

A. Legal Principles

Rule 60(b) of the Federal Rules of Civil Procedure provides in peritinent part:

> On motion and upon such terms as are just, the court may relieve a party... from a final judgment... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been disco- verd in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has

> been satisfied, released, or discharged,... or it is no longer equitable that the judgment should have prosepective application; or (6) any other reason justifying relief from the operation of the judgment.

The First Circuit has recently addressed the use of Rule 60(b) motions by federal prisoners in connection with attempts to reopen judgments dismissing their § 2255 petitions, concluding that:

> A motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if -- and only if -- the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [Citation omitted.]

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir.2003). quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to habeas petition under 28 U.S.C. § 2254).

Here in the instant case, the motion before the Court "... attacks only the manner in which the earlier [2255] judgment [was] procured...," See Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir.2003), therefore, the instant motion does not constitute a second nor successive 28 U.S.C. Section 2255 motion.

Further, movant is moving to reopen his previously dismissed Section 2255 proceeding based inter alia, on a claim that was originally brought in his § 2255 motion, but this Court failed to

reach a decision on the merits, i.e., movant made a claim that he was effectively prevented from testifying in his own defense.

In support of that issue, movant submits the attached "Affidavit of Richard Egbert, Esq.," Ex. A, and Affidavit of Gerard T. Ouimette," Ex. B.

WHEREFORE, movant prays that his section 2255 proceedings are reopened.

Dated: 4-2-08

Respectfully submitted,

Gerard T. Ouimette
Pro-Se

Certificate of Service

I, the undersigned, do swear and affirm that I placed a true copy of the foregoing motion into the USP Terre Haute legal mail depository, with full postage fully prepaid and affixed and addressed to the following [firs-class mail]:

U.S. Attorney
Robert Clark Corrente
Fleet Center, 8th Fl.
50 Kennedy Plaza
Providence, RI 02903

4-2-08
Date

Gerard T. Ouimette
Pro-Se