UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERARD T. OUIMETTE,

Defendant-Movant,

v. Case No. 99-489-T

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

---

DEFENDANT-MOVANT'S MOTION FOR EVIDENTIARY HEARING ON
DEFENDANT-MOVANT'S MOTION TO REOPEN 2255 PROCEEDINGS

---

**NOW COMES** the Defendant-Movant **GERARD T. OUIMETTE** ("movant"), in pro se and respectfully requests this Honorable Court to conduct an evidentiary hearing in this matter. In support thereof, movant states:

1. Filed concommitantly herewith, is movant's motion to reopen 2255 proceeding pursuant to Fed.R.Civ.P. 60(b)(6), which is incorporated by reference. See Fed.R.Civ.P. 10(c); Kolling v. AM. Power Conversion Corp., 347 F.3d 11, 17 (1st Cir. 2003); Lowden v. William M. Mercer, Inc., 903 F.Supp. 212, 216 (D.Mass. 1995).

2. Movant seeks an evidentiary hearing in this matter.

## ARGUMENT

3. Initially, movant advises this Honorable Court that the papers of a pro se litigant are to be held to less demanding standards than those drafted by lawyers, see Boivan v. Black, 225 F.3d 36, 43 (1st Cir. 2000), and movant requests that this Court entertain

motion with those principles in mind.

4. As stated supra, movant is requesting that an evidentiary hearing be held in this matter to determine the issues he has presented as cause for reopening the 2255 proceedings in this case.

First Circuit precedent makes clear that movant bears the burden of establishing that he is entitled to a hearing by a preponderance of the evidence. See generally Owens v. United States, 236 F. Supp.2d 122, 143-44 (D.Mass. 2002) (citing Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989).

5. In requesting this hearing movant has submitted factual disputes that require an evidentiary hearing for resolution.

6. Movant's claims introduce material factual disputes requiring an evidentiary hearing and this Court has the authority to hold such a hearing. See e.g. Rock v. Zimmerman, 543 F.Supp. 179, 196 n.18 (M.D.Pa 1982); Hillery v. Pulley, 533 F.Supp. 1189, 1204 (E.D. Cal. 1982); Cf. McLallen v. Wyrick, 494 F.Supp. 138, 142 (W.D. Mo. 1980); Fowler v. Jago, 683 F.2d 983, 988 (6th Cir. 1982) (recognizing the federal habeas court's broad authority to hold evidentiary hearings in their discretion).

**WHEREFORE,** all premises considered, movant prays that this foregoing motion is granted.

4-2-08
Dated

Respectfully submitted,

Gerard T. Ouimette, Pro Se