UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERARD T. OUIMETTE,

Defendant-Movant,

v. Case No. 99-489-T

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

DEFENDANT-MOVANT'S MOTION FOR ORDER CORRECTING
ENTRY DOCKETING DOCUMENTS NOS. 34, 35, AND 36

NOW COMES GERARD T. OUIMETTE the defendant-movant ("movant") herein and hereby respectfully moves this Honorable Court for an order directing a correction by the Clerk of the Court to docket number entries 34, 35, and 36 based on the following:

1. On April 10, 2008, the undersigned movant in pro se filed the following motions with the Clerk of the Court:

(a) Defendant-Movant's Motion to Reopen 2255 Proceedings Pursuant to Fed.R.Civ.P. 60(b)(6);
(b) Defendant-Movant's Supplement to Defendant-Movant's Motion to Reopen 2255 Proceedings Pursuant to Fed.R.Civ.P. 60(b);
(c) Defendant-Movant's Motion for Evidentiary Hearing on Defendant-Movant's Motion to Reopen 2255 Proceeding.

2. The above-aforementioned motions listed (a)-(c) were thereafter inappropriately docketed by the clerk as follows:

(a) Motion for Leave to File Successive 2255 With Supporting Memo (Dkt. # 34);
(b) Supplemental Memorandum (Dkt. # 35);
(c) Motion for Hearing re [34] Motion for Leave to File Successive 2255 With Supporting Memo (Dkt. # 36).

See attached receipts.

3. Movant's motions were not intended to be filed as motions for leave to file a successive 2255 motion, nor did said motions

qualify to be labeled as motions for leave to file a successive 2255 motion, namely, because said motion' factual predicate attacks the manner in which the original 2255 judgment was procured and not the underlying conviction.

First and foremost, movant argues that he is the master of his pleadings.

Further, Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including "the catch-all provision," which provides that a "court may relieve a party or a party's legal representative from a final judgment, order or proceeding...for any...reason justifying relief from operation of a judgment." Fed.R.Civ.P. 60(b); See Gonzalez v. Crosby, 545 U.S. 524 (2005).

4. The Supreme Court has held that a prisoner may not circumvent the AEDPA by styling an unauthorized successive habeas petition as a motion under Rule 60(b). Gonzalez, 125 S.Ct. at 2647, however, in instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. See e.g., Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

5. The Supreme Court further ruled that where a motion for relief under Rule 60(b) sets forth what would constitute a "claim" for habeas relief by either attempting to "add a new ground for relief," or by attacking "the federal court's previous resolution of a claim **on the merits" (emphasis added)**, such motion must be considered to be a successive petiton for relief, which would

require authorization from the circuit of appeals. Gonzalez, 125 S.Ct. at 2648.

6. On the other hand however, if where as here in the instance case the Rule 60(b) motion attacks the manner in which the original judgment was procured and not the underlying conviction, in essense, it attacks defects in the integrity of the federal proceedings, the motion should be decided under Rule 60(b) and not be construed as a second application for relief. Id.

7. Wherefore, all premises considered, movant prays for an order directing the clerk of the court to correct the docket entrie made to #'s 34, 35 and 36 to reflect the correct labeling of the motions filed thereunder and that this court appropriately set this matter for further proceedings as are just and proper.

4-22-08
Dated

Respectfully submitted,

Gerard T. Ouimette, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that a true correct copy of the foregoing document was served, via first-class U.S. Mail, postage fully paid on the following adverse party of record:

Robert Clark Corrente
United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, RI 02903

Gerard T. Ouimette