IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERARD T. OUIMETTE | : | |
| | : | |
| v. | : | CA. No. 99-489T |
| | : | CR. No. 95-029T |
| UNITED STATES OF AMERICA | : | |

GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION
TO RE-OPEN § 2255 PROCEEDINGS PURSUANT TO FED. R. CIV. P. 60(b)(6),
MOTION FOR EVIDENTIARY HEARING, STATEMENT, AND SUPPLEMENT

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant U. S. Attorney, and objects to the petitioner's motion to re-open § 2255 proceedings pursuant to Fed. R. Civ. P. 60(b)(6), motion for evidentiary hearing, statement, and supplement for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 14th day of May, 2008, I electronically filed and served, by ordinary mail with postage prepaid, the Within Government's Objection To Petitioner's Motion To Re-open § 2255 Proceedings Pursuant To Fed. R. Civ. P. 60(b)(6), Motion For Evidentiary Hearing, Statement, and Supplement, to:

Gerard T. Ouimette
Reg. No. 02519-070
USP - Federal Correctional Complex
P. O. Box # 33
Terre Haute, IN 47808-0033

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERARD T. OUIMETTE | : | |
| | : | |
| v. | : | CA. No. 99-489T |
| | : | CR. No. 95-029T |
| UNITED STATES OF AMERICA | : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION TO RE-OPEN § 2255 PROCEEDINGS PURSUANT TO FED. R. CIV. P. 60(b)(6), MOTION FOR EVIDENTIARY HEARING, STATEMENT, AND SUPPLEMENT

Introduction

Petitioner Gerard T. Ouimette (Petitioner) makes several filings in support of his motion to re-open a 28 U.S.C. § 2255 motion previously filed by him over 8 ½ years ago. Petitioner argues that this Court failed to address a claim made in that § 2255 motion that his counsel, Richard M. Egbert, prevented him from testifying in his own defense at trial. He relies on an opinion of the First Circuit Court of Appeals decided on April 12, 2007, Owens v. United States, 483 F.3d 48 (1st Cir. 2007). The government objects and urges the Court to deny Petitioner his requested relief.

Travel

On October 26, 1995, Petitioner was convicted by a jury of three counts of violating 18 U.S.C. § 894 (conspiracy to collect extensions of credit by extortionate means). Cr. No. 95-029T. Pursuant to 18 U.S.C. § 3559(c), Petitioner was sentenced on February 7, 1996 to life imprisonment. A notice of appeal was filed on February 9, 1996. A motion for a new trial was

filed on July 17, 1996. The motion was denied on October 25, 1996. A notice of appeal was filed October 28, 1996.

On May 14, 1997, the Court of Appeals remanded the matter to the District Court for the District Court to conduct a hearing into Petitioner's Sixth Amendment claim concerning courtroom security. The hearing was held, and the Court made findings of fact which were transmitted to the Court of Appeals.

On March 3, 1998, Petitioner's conviction and sentence were affirmed by the Court of Appeals. The Supreme Court denied Petitioner's petition for certiorari on October 5, 1998.

On or about October 4, 1999, Petitioner deposited in the U. S. mails a motion pursuant to 28 U.S.C. § 2255. C.A. No. 99-489T. This filing raised nine grounds: 1) the Court's jury instructions constructively amended the indictment; 2) prosecutorial misconduct; 3) the use of unconstitutional state convictions by the Court to impose a "three-strikes" sentence of life imprisonment; 4) the Court's jury instructions omitted an element of an offense charged; 5) the sufficiency of the indictment as to Count I; 6) the sufficiency of the indictment as to Counts III and IV; 7) a witness's testimonial reference to Petitioner's prior incarceration; 8) the government's failure to prove statements made in its opening; and 9) ineffective assistance of trial and appellate counsel to raise these issues. Subsequent to this filing, on October 16, 1999, Petitioner deposited in the U.S. mails the following documents: Motion For Leave To Supplement 28 U.S.C. 2255 Motion; Supplemental Issue With Incorporated Memorandum Of Points And Authorities For Consideration Pursuant To 28 U.S.C. 2255; Motion For Order To Insure Availability Of Material Witnesses; Affidavit Of Gerard Ouimette; and Request For Discovery Re: Motion Pursuant To 28 U.S.C. 2255. The Supplemental Issue With Incorporated

Memorandum Of Points And Authorities alleged that two named witnesses testified falsely at Petitioner's trial and that the government knowingly failed to correct the testimony.

The government responded on October 25, 1999 and also filed a supplemental memorandum on November 9, 1999. On or about December 3, 1999, the Petitioner filed a response in opposition and a motion for an evidentiary hearing.

On or about July 3, 2000, the Petitioner filed a Motion To Withhold Adjudication On Grounds Three And Nine. These grounds had been raised in Petitioner's motion filed on or about October 4, 1999. The government objected on June 30, 2000.

On or about August 25, 2000, Petitioner filed a Motion requesting that his § 2255 petition "Be Placed In Abeyance For A Period Of Thirty (30) Days" to allow him to file a supplemental brief addressing the applicability of Apprendi v. New Jersey, 530 U.S. 466 (2000), to his case. The government objected. On September 25, 2000, the Petitioner filed a Supplemental Memorandum in support of his § 2255 motion raising the Apprendi issue. The government responded on September 28, 2000. Petitioner responded to the government's objection on December 7, 2000

On December 12, 2000, this Court issued an Order denying the Request For Discovery (12/16/99); denying a Motion To Submit Audio Tapes For In Camera Review; denying a Motion For Order To Insure Availability Of Material Witnesses (12/16/99); denying the motion raising the Apprendi claim (9/25/2000); and denying his motion to hold his § 2255 motion in abeyance for thirty days (8/25/2000).

On June 21, 2001, the Court denied Petitioner's § 2255 motion. The Court rejected the Petitioner's supplemental claims filed on or about October 16, 1999 as barred by the one-year

statute of limitations found within § 2255. The Court also rejected the original claims of insufficiency of the indictment, prosecutorial misconduct, prejudicial comments by the prosecution and witnesses, erroneous jury instructions, sentencing errors, and ineffective assistance of counsel.

Petitioner filed a notice of appeal. He then moved this Court to issue a certificate of appealability. That motion was denied by the Court on September 20, 2001. The Court of Appeals denied his request for a certificate of appealability on February 21, 2002. The mandate issued April 18, 2002.

Argument

For several reasons, this Court should deny Petitioner's motion to re-open.

The First Circuit Court of Appeals has already spoken to this issue. It is the law of Petitioner's case. In United States v. Rivera-Martinez, 931 F.2d 148, 150 (1st Cir. 1991), the Court stated:

> In terms of the dynamics between trial and appellate courts, the phrase "law of the case" signifies, in broad outline, that a decision of an appellate tribunal on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation in the nisi prius court, and thereafter on any further appeal. See Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). As one commentary puts it:
>
> When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it *must* be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision of the first appeal establishes the law of the case to be followed on the second.
>
> 1B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* ¶ 0.404[1] (2d ed.
>
> 1991). It follows, then, that "when a case is decided by an appellate court and remanded ... any questions that were before the appellate court and disposed of by its decree become the law of the case and bind the district court on remand." United States v. Belculfine, 527 F.2d 941, 943 (1st Cir.1975). Accord Federal Deposit Ins. Co. v. Ramirez-River,, 869 F.2d 624, 627 (1st Cir.1989).

In deciding the Petitioner's motion, this Court need look no further than the February 21, 2002 Judgment of the Court of Appeals. In denying Petitioner's application for a certificate of appealability, the Court of Appeals stated, in part: "Given the weight of the evidence against the petitioner, including his videotaped demand for $50,000 and his recorded threat that, if Paul Calenda failed to make a payment by Monday, 'maybe [by] Tuesday he's going to get a shot.' DeLuca, 137 F.3d at 29, we are not persuaded that prejudice resulted from counsel's alleged failure to allow petitioner to testify to his reasons for being "outrage[d]" at Calenda during certain of his recorded conversations."

Petitioner's claim was heard and denied by the Court of Appeals. That ends the matter. It should likewise be denied by this Court.

Further, Owens v. United States, 483 F.3d 48 (1st Cir. 2007), is inapplicable to Petitioner's case. In Owens, the Court of Appeals held that the District Court erred in denying an evidentiary hearing to a petitioner who alleged that his counsel rendered ineffective assistance in failing to inform petitioner of his right to testify at trial. Here, Petitioner does not claim that Mr. Egbert failed to advise him of his right to testify. To the contrary, Petitioner's affidavit and the affidavit of Mr. Egbert clearly show that Petitioner and Mr. Egbert had extensive discussions about Petitioner testifying at his trial. The Petitioner's citation to Nowaczk v. Warden, 299 F.3d 69 (1st Cir. 2002) is equally unavailing. That case addresses the exhaustion of claims by a state prisoner made in a habeas petition.

Further, Fed. R. Civ. P. 60(b) allows a party to seek relief from a final civil judgment and authorizes the reopening of a case, but only under limited circumstances. The rule provides in pertinent part:

> [T]he court may relieve a party…from a final judgment…for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud…, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; …or (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c).

Petitioner's 60(b) motion is not brought within a reasonable time. Even assuming that the Petitioner properly set forth a timely claim which the Court did not address, and putting aside the February 21, 2002 Judgment of the Court of Appeals, Petitioner waited almost seven years after the decision of the District Court to file his Rule 60(b) motion. Under any analysis, seven years is an unreasonable period of time. The Owens decision, which is not applicable to Petitioner, does not alter the analysis.

Further, a Rule 60(b)(6) motion "is viable only in 'extraordinary circumstances.'" Harris v. United States, 367 F.3d 74, 77 (2nd Cir. 2004). Under the Petitioner's version of his case, he identified his issue for the District Court in 1999. He also obviously raised it with the Court of Appeals in his application for a certificate of appealability. Nothing has happened since 2002, including the decision in Owens, to breathe new life into his theory of the case or to expand upon his grounds. There are no extraordinary circumstances, and Petitioner identifies none.

Further, the Petitioner's filing should be deemed a successive § 2255 motion. The First Circuit addressed the use of Rule 60(b) motions by federal prisoners as a means of reopening dismissals of § 2255 motions in Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003). In that case, the court ruled that a 60(b) motion "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." Id. at 152-153, quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st cir. 2003)(holding the same as to habeas petition brought under 28 U.S.C. § 2254). Therefore, if a Rule 60(b) motion is deemed a "second and successive" § 2255 motion, a court must dismiss the motion for lack of subject matter jurisdiction or transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255. See, Munoz, 331 F.3d at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

While Rule 60(b) does not apply to criminal judgments, it may apply to civil judgments entered in post-conviction §§ 2255 or 2254 proceedings. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)(holding that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should be considered as a rule 60(b) motion and not a successive habeas petition). Rule 60(b) cannot, however, be used to vacate an underlying criminal conviction. See e.g., Boyd v. United States, 2005 WL 2177172 (D.R.I. September 8, 2005)(holding that a rule 60(b) motion used to vacate the underlying criminal action is procedurally improper and must be dismissed); United States v. O'Keefe 169 F.3d 281, 289 (5th Cir. 1999)(rule 60(b) does not provide for relief from a judgment in a criminal case); United

States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998)(holding that motions under Fed. R. Civ. P. 60(b) may not be used to attack criminal convictions).[1]

Essentially, Petitioner's alleged error relates to the constitutionality of his underlying conviction, not to the manner in which his prior § 2255 motion was adjudicated. His issue was addressed by the Court of Appeals. That court denied him relief. Thus, to the extent that he ultimately now seeks to set aside the underlying criminal conviction and sentence, his 60(b) motion is procedurally improper. Accordingly, his 60(b) motion should be construed as a second or successive § 2255 habeas petition.

Assuming that this Court construes this motion as a § 2255 motion, it should dismiss the motion on grounds that the Petitioner has failed to obtain the necessary authorization for his successive habeas petition from the Court of Appeals. Section 2255 states, in part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[1] See Also, United States v. Ramirez, 2007 WL 4303 (10th Cir. January 2, 2007)(unpublished); United States v. Simpson, 238 F.3d 417 (4th Cir. 2000)(unpublished); United States v. Hart/Cross, 230 F.3d 1360 (6th Cir. 2000)(unpublished); United States v. Cabero, 2005 WL 1484669 at *1 (E.D.Tenn. June 21, 2005).

Local Rule 22.2 of the First Circuit Court of Appeals mandates that a second or successive § 2255 motion filed in the District Court without authorization of the Court of Appeals be transferred to the Court of Appeals or be dismissed by the District Court. See, Barrett, 178 F.3d at 41. The decision whether to transfer or dismiss appears to be discretionary. Id. at 41. n.1.

As the Petitioner has not met the requirements for successive habeas petitions under § 2255 and his claim is totally devoid of merit, this Court, in the exercise of its discretion, should dismiss the motion.

Further, even if the Petitioner raised his current claim before the District Court, he did so in papers filed on or about October 16, 1999, after the one-year period of limitations set forth in 28 U.S.C. § 2255 had expired, and not in the original § 2255 motion and memorandum deposited in the United States mails on October 4, 1999. Consistent with this Court's June 21, 2001 decision regarding the supplemental claims, the Petitioner's current claim of ineffective assistance of counsel did not arise out of the same "conduct, transaction or occurrence" as the claims raised in the § 2255 motion filed on or about October 4, 1999. While Petitioner did raise ineffective assistance of counsel claims in the October 4 motion, those claims related either to conduct of appellate counsel or trial counsel's failure to challenge the indictment, previous convictions, jury instructions, conduct of the prosecutors, and witness testimony. No challenge was raised in the October 4, 1999 motion concerning counsel's failure to allow Petitioner to testify. As such, the failure to testify claim was not an amendment relating back to the original pleading under Fed. R. Civ. P. 15(c). See Mayle v. Felix, 545 U.S. 644, 125 S. Ct. 2562 (2005); United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005).

Finally, in reviewing the numerous papers filed by Petitioner in 1999 and 2000, no where did the undersigned Assistant U. S. Attorney see where the Petitioner developed this issue through legal argument and legal citation. Under such circumstances, this Court was not obligated to address any issues raised in such a perfunctory manner. They are deemed waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

For all of the above reasons, the Petitioner's motion to re-open § 2255 proceedings pursuant to Fed. R. Civ. P. 60(b)(6), motion for evidentiary hearing, statement re supplement to his motion to re-open § 2255 proceedings, and supplement to his motion to re-open § 2255 proceedings should be denied and dismissed.

Respectfully submitted,

ROBERT CLARK CORRENTE

UNITED STATES ATTORNEY

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATION

I hereby certify that on the 14th day of May, 2008, I electronically filed and served, by ordinary mail with postage prepaid, the Within Government's Memorandum In Support Of Its Objection To Petitioner's Motion To Re-open § 2255 Proceedings Pursuant To Fed. R. Civ. P. 60(b)(6), Motion For Evidentiary Hearing, Statement, and Supplement, to:

Gerard T. Ouimette
Reg. No. 02519-070
USP - Federal Correctional Complex
P. O. Box # 33
Terre Haute, IN 47808-0033

/s/ Kenneth P. Madden

Kenneth P. Madden
Assistant U. S. Attorney
RI Bar No. 1680
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov