Gerard T. Ouimette #02519-070
Federal Correctional Complex
P.O. Box #33
Terre Haute, Indiana
47808-0033

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**GERARD T. OUIMETTE,**
Petitioner,

**vs.** Case No.: **99-489-T**

**UNITED STATES OF AMERICA,**
Respondent.

.......

**PETITIONER'S REPLY TO THE GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO RE-OPEN §2255 PROCEEDINGS PURSUANT TO FED. R. CIV. P. 60(b)(6), MOTION FOR EVIDENTIARY HEARING, STATEMENT, AND SUPPLEMENT; ALTERNATIVE MOTION FOR LEAVE TO AMEND FED. R. CIV. P. 60(b)(6)**

---

COMES NOW the Petitioner, GERARD T. OUIMETTE, pro se, and hereby files the foregoing reply to the Government's objection to Petitioner's Motion to re-open §2255 proceedings, pursuant to Fed. R. Civ. P. 60(b)(6); Motion for evidentiary hearing; statement, and supplement. Additionally, the instant reply contains an alternative Motion for leave to amend the pending Motion to re-open with the proffered amended pleading appended hereto. In Support thereof, Petitioner states as follows:

The Government has objected to Petitioner's Rule 60(b)(6) Motion to re-open §2255 proceedings urging this Court to deny Petitioner his requested relief based on "several reasons," Government's Objection (hereinafter, "GO") pg. 4, all of which Petitioner shall reply to in the order in which the Government

has objected.

First, the Government has argued that this Court should deny Petitioner's Motion to re-open because "... [t]he First Circuit Court has already spoken to this issue. It is the law of [p]etitioner's case." GO pg. 4 (citations omitted).

At the outset, it is clear that it is the Government's position that the "law of the case" doctrine prevents this Court from considering the issue presented by Petitioner's Motion to re-open his §2255 proceedings. The Government claims that "[i]n deciding the [p]etitioner's motion, this Court need look no further than the February 21, 2002, Judgment of the Court of Appeals." GO, pg. 5.

The Government claims that "[i]n denying [p]etitioner's application for a certificate of appealability, the Court of Appeals stated, in part: 'Given for $50,000.00 and his recorded threat that, if Paul Calenda failed to make a payment by Monday, 'maybe [by] Tuesday he's going to get shot.'" GO, pg. 5.

In reply, Petitioner points the Court's attention to the cite the Government has offered, i.e. <u>DeLuca</u>, 137 F.3d at 29, which is an appeal from the Judgment of the district court on direct appeal, and not a quote from the Judgment of the Court of Appeals dated February 21, 2002, relating to Petitioner's certificate of appealability from the denial of the §2255 motion which Petitioner is now seeking to re-open.

Moreover, the issue presented by Petitioner's Motion to re-open is based on an issue contesting a procedural irregularity in the procurement of the Judgment dismissing the original §2255 motion based on the fact that "[petitioner] made a claim that he

was effectively prevented from testifying in his own defense," Id., Motion to Re-Open §2255 (hereinafter, "MTRO") pg. 3, and for which this Court "failed to address ... and did not enter a judgment on the merits." MTRO, pg. 4.

Petitioner further refers this Court to footnote 2 contained in Petitioner's Motion to re-open which addresses Petitioner's current inability to cite or otherwise refer to verbatim.

Petitioner argues that even assuming arguendo, the claim made in the original §2255 relating to the denial of Petitioner's fundamental constitutional right to testify in his own defense, and that right must be unfrettered is fully supported by a recent First Circuit ruling in Owens v. United States, 2007 U.S. App. LEXIS 8388.

Furthermore, the issue related to Petitioner's claim that he was denied the right to testify in his own defense has not been addressed on the merits by this Court, and the Order dismissing Petitioner's §2255 clearly demonstrates this.

It should also be noted that there is a fundamental difference in an individual criminal defendant specifically requesting to "testify to his reasons for being outraged," and an individual criminal defendant requesting to testify in his own defense. As well, like in the Owens case, Petitioner has in fact made allegations that his trial counsel directly barred/prevented him from testifying and these claims are fully supported by the attached affidavit of trial counsel, Richard Egbert, Esquire.

Specifically, Mr. Egbert has sworn under the penalty of perjury that "[he] was 'dead set' against Mr. Ouimette testifying and I did my best to dissuade him from doing so ... He did not testify

in his own defense and the jury did not have an opportunity to determine if his testimony would have been credible." Affidavit of Richard Egbert, Esq., Ex. A attached hereto.

In Owens the First Circuit clearly stated that "... the failure to inform Owens of his right to testify would have effectively prevented him from doing so. As we noted before, defendants speak to the Court through counsel ... if counsel refuse or fail to request that the defendant be allowed to testify, the defendant will not be able to speak in his defense." Id.

There is no question, as Owens makes clear, that "[a] defendant's testimony could be crucial in any trial, and it would be difficult for us to determine whether or not a jury would have found his testimony credible." Id.

Therefore, the Government's argument that this Court need look no further than the February 21, 2002, Judgment of the Court of Appeals on Petitioner's certificate of appealability from the denial of the §2255 motion, currently being sought to be re-opened, should be overruled because the issue presented involves an issue that there has been no hearing on the merits. The law is clear that the law of the case doctrine presumes a hearing on the merits. See, i.e., Quern v. Jordan, 440 U.S. 332, 347, n.18 (1979).

This case does not involve a previous consideration of the merits, and the law of the case doctrine does not prevent this Court from considering the issue presented and this Court in all fairness should now proceed to hear the issue. See United States v. Hatter, 532 U.S. 557, 831 (2001).

Secondly, the Government argues that Petitioner's Motion to re-open under Rule 60(b)(6) is not timely, and that Rule 60(b)(6)

"allows a party to seek relief from a final civil judgment and authorizes the reopening of a case, but only under limited circumstances." Id, GO. pg. 6, and that "[t]he Owens decision, which is not applicable to [p]etitioner, does not alter the analysis." Id.

In reply, Petitioner argues that he is entitled to relief under the catchall clause of Rule 60(b). Rule 60(b)(6) provides that the Court may relieve a party from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment. Indeed, the First Circuit has held that Rule 60(b)(6) motions should be granted only where exceptional circumstances justifying extraordinary relief exist, Valley Citizens for a Safe Environment v. Aldridge, 969 F.2d 1315, 1317 (1st Cir. 1992), however, under the Federal Rules as recognized by the First Circuit, district courts have made broad discretion to determine whether such circumstances exist. Id.; see also Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir. 1997).

Here, Petitioner has made a suitable showing that he has a meritorious claim. See Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993).

Specifically, it is clear that a defendant has a "fundamental constitutional" right to testify in his own defense, Rock v. Arkansas, 483 U.S. 44, 51-53 (1987), and that the right must be "unfettered," Harris v. New York, 401 U.S. 222, 230 (1971). The right to testify may not be waived by counsel acting alone. See United States v. Mullins, 315 F.3d 449, 454 (5th Cir. 2002)("The defendant's right to testify is secured by the Constitution and only he can waive it."; Sexton v. French, 163 F.3d 874, 881 (4th

Cir. 1998)("Every circuit that has addressed the issue has held that the right to testify is personal and must be waived by the defendant."); Lema v. United, 987 F.2d 48, 52 (1st Cir. 1993) (assuming, but not the question); Vega-Incarnacion v. United States, 1993 U.S. App. LEXIS 10068 at *9 (1st Cir. 1993)("[The] right to testify is personal and cannot be waived by counsel").

A lawyer plays the primary role in advising his client of his right to testify; a trial judge not not required to appise a defendant of his right to testify or to inquire whether he has waived it. Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987).

Clearly, the Owens case makes a "suitable" if not substantial showing of a meritorious claim to invoke Rule 60 (b)(6)'s catchall provision.

Further, Rule 60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. The rules's first five subsections delinate specific grounds for relief. In keeping with the policy that "there must be an end to litigation someday," Ackermann v. United States, 340 U.S. 193, 198 (1950), the rule imposes a one-year limit on motions that invoke clauses (1)-(3). While this limit does not apply in haec verba to clause (6)--as the rule states, motions invoking clauses (4)-(6) must only "be made within a reasonable time"---clause (6) is designed as a catchall, and a motion thereunder is only appropriate when none of the first five subsections pertain. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988); Klapprott v. United States, 335 U.S. 601, 613 (1949); Lubben v. Selective Services Systems Local Board,

453 F.2d 645, 651 (1st Cir. 1972).

Rule 60 applies in habeas corpus cases and subsection (b)(6) may be filed within a reasonable time after judgment has been entered, provided that the moving party shows "extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Investment Services Company v. Brunswick Association Ltd. Partnership, 507 U.S. 380, 393-94 (1993).

The Owens case relied upon in the instant case constitutes a "supervening change in law," and a "supervening change in law [can]...constitute **extraordinary circumstances** to warrant relief from judgment under Rule 60(b)(6), See High v. Zant, 916 F.2d 1507, 1509-10 (11th Cir. 1990), cert. denied, 499 U.S. 954 (1991) (habeas corpus case), however, to constitute a basis for relief there must be a "close relationship between" the instant case and the case in which the supervening change in law is announced. Id.

Petitioner's case does indeed have a "close relationship " with the Owens case in which the supervening change of law has been announced, therefore, petitioner has in fact meet the "extraordinary circumstances" exception of Rule 60(b)(6)'s catch-all provision.

Third, the government argues that "...the [p]etitioner's filing should be deemed a successive §2255 motion," Id. GO, pg. 7, and correctly cites Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003) as controlling on matters dealing with successive §2255 motions and Rule 60(b) motions by federal prisoners as a means of reopening dismissals of §2255 motions.

Indeed, the First Circuit Court of Appeals has determined in Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003), that "when

the motion's [60(b)(6)] factual predicate deals primarily with the constitutionality of the underlying...conviction or sentence, then the [Rule 60(b)] motion should be treated as a second or successive habeas petition," also see, Munoz, 331 F.3d 152, however, the instant case is distinguishable, i.e., the factual predicate at issue here "...in support of the motion attacks only the manner in which the earlier habeas judgment [was]...procured [and therefore] [,] the motion may be adjudicated under the jurisprudence of Rule 60(b)," Rodwell, 324 F.3d at 67.

Specifically, petitioner has mov[ed] to reopen his previously dismissed second 2255 proceeding based...on a claim that was originally brought in his §2255 motion [which] this Court failed to reach a decision on the merits, i.e., [petitioner] made a claim that he was effectively prevented from testifying in his own defense." See Defendant-Movant's Supplement to Defendant's motion to Reopen 2255 Proceedings Pursuant to Fed. R. Civ. P. 60(b), pg. 3, Dkt. # 35.

A district court is required to reach the merits of a claim made in a §2255. English v. United States, 42 F.3d 473 (9th Cir. 1994).

When a district court dismisses a §2255 motion to vacate, set aside, or correct sentence without reaching the merits of a claim(s) raised therein, the petitioner may seek relief from the judgment through a motion under Federal Rule of Civil Procedure 60(b), because such a motion **is not the equivalent of a second or successive petition under the Anti-Terrorism Effective Death Penalty Act of 1996 ("AEDPA")** See Gonzalez v. Crosby, 546 U.S.

524 (2005); Butz v. Mendoza-Powers, 474 F.3d 1193 (9th Cir. 2007). Ex. A.

Therefore, the government's argument that "[e]ssentially, [p]etitioner's alleged error relates to the constitutionality of his underlying conviction, not to the manner in which his prior § 2255 motion was adjudicated," id. OB, pg. 8, is factually incorrect, and because as stated supra a motion made under Fed.R. Civ.P.60(b) for relief from a judgment previously entered in a § 2255 case should be treated as a second or successive habeas petitioner **only if** the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction, and that is **not** the case here, this motion may in fact be adjudicated under the jurisprudence of Rule 60(b), and Local Rule 22.2 of the First Circuit Court of Appeals is inapplicable to this case.

Finally, with regard to the government's fourth and final argument that, "[f]urther, even if [p]etitioner raised his current claim before the District Court, he did so in papers filed on or about October 16, 1999, after the one year period of limitations set forth in 28 U.S.C. § 2255 had expired, and not in the original § 2255 motion and memorandum deposited in the United States mail on October 4, 1999. Consistent with this Court's June 21, 2001 decision regarding the supplemental claims, the [p]etitioner's current claim of ineffective assistance of counsel did not arise out of the same "conduct, transaction or occurrence" as the claims raised in the § 2255 motion filed on or about

October 4, 1999," OB, pg. 9, petitioner argues first and foremost, the government is incorrect in concluding that "...even if [p]etitioner raised his current claim before the District Court, he did so in papers filed on or about October 16, 1999, after the one-year period of limitations set forth in 28 U.S.C. § 2255 had expired, and not in the original § 2255 motion and memorandum deposited in the [U.S.] mails on October 4, 1999..." GO, pg.9.

The facts are that petitioner raised his claim of "ineffective assistance during <u>trial</u>, sentencing and on appeal." See Attachment pg.2 to motion under 28 U.S.C. Section 2255 received October 8, 1999. Ex. B.

Contrary to the government's position, the claim under review at this time was in fact set forth in the original 2255. Specifically, the 9th claim for relief states in relevant part:

> "PETITIONER CONTENDS THAT HIS CONVICTION SHOULD BE VACATED DUE [TO] COUNSEL'S INEFFECTIVE ASSISTANCE DURING TRIAL, SENTENCING AND ON APPEAL..."

Further, the text of the 9th claim for relief immediately preceeding the aforementional wording cites the Sixth Amendment to the Constitution of the United States.

To the extent that the government argues that the 9th claim for relief in the original Section 2255 is vague or in to general a form, the sworn affidavit of Gerard Ouimette filed in support of his 9th claim in his original 2255 on or about October 13, 1999 made clear and repeated references to "...I asked Mr. Egbert to admit under oath to the truth that he was ineffective in his assis-

tance as my counsel during trial by his insistance that I not testify nor defend myself as to the tape evidence of 'camille' and 'beanie'." "...Mr. Egbert admitted to me that this was not his 'Trial Strategy' rather a "gut feeling" that my testimony would not be needed because I most likely be aquitted on the charges anyway."... "I believe that my counsel was ineffective and denied me my constitutional right to effective assistance of counsel under the sixth amendment," with sufficient particularity. See Fed.R.Civ.P.81(a)(2); 10(C), and see Affidavit of Gerard Ouimette, filed on or about October 13, 1999.

As the Sixth Amendment ineffective assistance of counsel claim was presented properly, it should have been addressed. See Dye v. Hofbauer, 163 L.Ed 2d 1 (2005); Levy v. Uttecht, 2007 U.S. Dist. LEXIS 59469 (W.D.Wa. Agu. 14, 2007).

Although the rules governing section 2255 cases in the United States District Courts require specificity and detail in pleading facts, but they do not require the initiatory pleading be, nor usually should it be, a brief on the law. Nor need the petitioner file simultaneously with the petition a comprehensive legal memorandum, nor do the rules require that every item of relevant evidence or every item of relevant legal authority be catalogued in the **pleading**[1/], especially given that many of the relevant facts may not surface until fact-development proceedings (for example: dis-

---

**Footnote 1/** See, e.g., Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir.1994)("No statute or rule requires that a petition identify a legal theory or include citations to legal authority." (**citing FHCPP**)); Johnson v. Puckett, 929 F.2d 1067, 1070 (5th Cir.), cert. denied, 502 U.S. 398 (1991)(allegation that --- discrimination in selection of the Grand Jury Foreman existed at the time of Petitioner's indictment''' and that historical absence of black grand jury foremen violated --- due process''' sufficed to assert equal protection claim); Pringle v. Court of Common Pleas, 778 F.2d 998, 1002 n.4 (3d Cir.1985)(petition need not plead every prior decision supporting claim; notification of basic outlines of claim by citing Supreme Court opinion discussing like claim, was sufficient); Bonner v. Warden, 442 F.Supp. 11, 14 (N.D.Ill. 1976), aff'd, 553 F.2d 1091 (7th Cir.), cert. denied, 431 U.S. 943 (1977)(petition must allege facts supporting grounds for relief but need not contain evidentiary material). See also Porcaro v. United States, 784 F.2d 38, 41 (1st Cir.1986)(where petitioner's section 2255 motion did not set out many details, but petitioner's accompanying motion to recuse trial judge did, circuit court avoided dismissal by incorporating latter into former); Kiendra v. Hadden, 763 F.2d 69, 71-72 (2d Cir.1985)(missing factual allegations supplied by petitioner's affidavit in opposition to respondent's answer).

covery and a hearing) are made available. Cf. United States v. Rodriquez-Rodriguez, 929 F.2d 747, 752 (1st Cir.1991)(any lack of factual specificity caused by petitioner's failure to name potential witness in original petition was cured by naming of witness in objections to magistrate's proposed decision).

Therefore, because petitioner adequately raised his ineffective assistance of counsel claim, i.e., being denied his right to testify in his own defense in violation of the Sixth Amendment to the United States Constitution the government's objection should be overruled. Furthermore, petitioner respectfully requests that this Court liberally construe the pleadings before it.

Our judicial system zealously guards the attempts of pro se litigants on their own behalf. A Court is required to construe liberally a pro se complaint and may affirm its dismissal only if a plaintiff cannot prove any set of facts entitling him or her to relief. See Rockwell v. Cape Cod Hosp., 28 F.3d 254, 255 (1st Cir. 1994).

## PETITIONER'S MOTION FOR EVIDENTIARY HEARING

In its objection and memorandum in support of its objection the government failed to object to petitioner's motion for evidentiary hearing, and is therefore deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990).

Once a prisoner request relief under § 2255, a district court must grant an evidentiary hearing on the prisoner's claims unless

"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255. Alternatively, petitioner moves for leave to amend the pending Rule 60(b) motion with the "Hazel-Atlas Motion" being tendered herewith.

The command of Fed.R.Civ.P.15(a) that leave to amend "shall be freely given when justice so requires..." is consistent with a broad policy underlying the Federal Rules of Civil Procedure that in most instances disputes should be decided on their merits. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962); United States v. Hougham, 364 U.S. 310, 317, 81 S.Ct. 13, 5 L.Ed 2d 8 (1960).

**WHEREFORE**, all premises considered petitioner Gerard T. Ouimette prays that this Honorable Court overrule the government's objections and set this matter for an evidentiary hearing.

Dated: ____________

Respectfully submitted,

Gerard T. Ouimette

## CERTIFICATE OF SERVICE

I Gerard T. Ouimette, hereby certify that on this 11 day of June, 2008, I mailed first-class mail, postage prepaid, __ copy/copies of the above to: Kenneth P. Madden, U.S. Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903

Gerard T. Ouimette