IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERARD T. OUIMETTE | : | |
| Petitioner, | : | Independent Civil Action |
| | : | |
| v. | : | CA. No. 99-489T<br>CR. No. 95-029T |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**DEFENDANT'S HAZEL-ATLAS MOTION; SUPPORTING MEMORANDUM OF LAW, AND STATEMENT RELATED TO THE INAPPLICATION OF THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT**

NOW COMES the undersigned defendant GERARD T. OUIMETTE, ("defendant"), in pro se, and hereby files foregoing Hazel-Atlas motion, 88 L.Ed. 1250, 322 U.S. 238, 271 (1944), alleging that certain and specific conduct was done by officers of this court, and/or agents of those officers, including various law enforcement officials working in concert with those officers who deliberately, intentionally, and maliciously committed fraud[1/] against this Court and with the intent to secure a conviction against defendent.

**Footnote 1/:** The leading discussion of the "fraud on the court" concept appears in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 332 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944), in which the Court upheld an independent action to set aside a prior judgment; the prior judgment assumed the validity of a patent that had been secured by a complex fraudulent scheme involving manipulation of the patent office by a lawyer. Id. at 240-42, 249-50. Cases have struggled, usually without great success, to provide a useful definition of "fraud on the court." One common version, drawn in part from language in Hazel-

**REQUEST FOR LIBERAL INTERPRETATION:**

Defendant respecfully requests that this court liberally construe this motion in accordance with the holding in Haines v. Kerner, 404 U.S. 519 (1972); Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir.1994).

**BACKGROUND OF CASE:**

A jury found defendant guilty of one count of conspiracy to collect extensions of credit by extortionate means, a violation of 18 U.S.C. § 894, and two counts of aiding and abetting the collection of extensions of credit by extortionate means, violations of 18 U.S.C. §§ 2 and 894. On each of the three counts. Defendant was sentenced to concurrent terms of life imprisonment without parole pursuant to the "three strikes" provision of 18 U.S.C. § 3559(c)(1)(A). Following denial of his direct appeal and his petition for certiorari, United States v. DeLuca, 137 F.3d 24 (1st Cir.), cert. denied, 525 U.S. 917 (1998), defendant filed § 2255 motion which was denied.

---

Atlas, refers to "an 'unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter' involving an officer of the court." Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 n.5 (1st Cir.1995)(quoting Aoude v. Mobil Oil Corp., 892 F.2d 115, 1118 (1st Cir.1989)). In any event, "the cases in which it has been found that there was, or might have been, a 'fraud upon the court,' for the most part, have been cases in which there was 'the most egregious conduct involving a corruption of the judicial process itself.'" Wright, Miller & Kane § 2870, at 418.

**FACTS**

On February 1, 1996, defendant was sentenced to concurrent terms of life imprisonment without parole pursuant to 18 U.S.C. § 3559 (the "Three Strikes Statute") after being found guilty of conspiracy to collect extensions of credit by extortionate means (18 U.S.C. § 894) and collection of extensions of credit by extortionate means (18 U.S.C. § 894).

At trial, the government presented fraudulent evidence that, early in 1995, defendant was involved in two incidents of extortion. The first involved efforts to collect a loan allegedly made to Paul Calenda and the second involved an attempt to obtain money from David Duxbury.

The evidence regarding the Calenda incident included testimony by Paula Cappola who claims to have overheard a conversation between defendant and Calenda in which defendant demanded $125,000.00 and several recorded conversations in which defendant allegedly threatened to commit a variety of violent acts against Calenda. It also included testimony by James Gellerman, an alleged co-conspirator who pled guilty on the day of impanelment and agreed to cooperate with the government.

The evidence regarding the Duxbury incident consisted principally of testimony by Duxbury and Gellerman, both of whom described an assault by defendant, Gellerman and others upon Duxbury that occurred in the basement of the Satin Doll nightclub and a demand by defendant that Duxbury pay the sum of $5,000.00 on the following day.

Gellerman testified that, during a conversation at St. Rocco's Club in February of 1995, defendant instructed him to "crack" Calenda for the purpose of persuading Calenda to repay the alleged loan and that Paul Parenteau was present when that conversation took place. Gellerman further testified that on the day after Duxbury was assaulted, Gellerman and defendant met at Stykes Restaurant and defendant instructed him to go to Duxbury's place of business along with Parenteau and Harold Drew for the purpose of collecting the $5,000.00 that had been demanded from Duxbury. According to Gellerman, Parenteau and Drew were present during that conversation. The instant motion is premised on fraudulent conduct executed by the U.S. Attorney's Office in order to secure defendant's conviction and sentence in this case.

**The "Fraud upon the Court" Doctrine**

Federal Rule of Civil Procedure 60(b)(3) allows a Court to relieve a party from a final judgment based upon "fraud..., misrepresentation, or other misconduct." This rule generally applies to fraud perpetrated by one party upon the adverse party. See Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir.1988). Because the instant claim is premised upon a theory, that the government perpetrated a 'fraud upon the Court, it does not necesarily fall within the realm of Rule 60(b)(3). Further, a motion pursuant to Fed.R.Civ.P.60(b)(3) must be brought within one year of the judgment from which it seeks relief. See Fed.R. Civ.P.60(b). Any claim that Petitioner would have under Rule 60

(b)(3) has long since been extinguished.

By contrast, the savings clause of Rule 60(b) allows for an independent action asserting that a judgment has been obtained by fraud perpetrated upon the court by a court officer. See Fed. R.Civ.P.60(b); Gleason, 860 F2d. at 558; Miller v. Shelton, 2006 WL 753187, at *4-*5 (W.D.N.Y. March 20, 2006). Under the theory that "a decision produced by fraud on the court is not in essence a decision at all and never becomes final," Kenner v. Comm'r of Internal Revenue, 387 F.2d 689, 691 (8th Cir.1968), "[t]here is no statute of limitations for bringing a fraud upon the court claim." Williams v. Vaughn, 2005 WL 3348863, at *2, n.3 (E.D. Pa. Dec.8, 2005)(citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.., 322 U.S. 238, 244 (1944)).

This equitable power to vacate a judgment obtained by a fraud upon the court was recognized by the Supreme Court in the Hazel-Atlas decision. See Leber-Krebs, Inc. v. Capitol Records, 779 F.2d 895 (2nd Cir. 1985)[2/]

---

2/ As the Second Circuit noted in Leber-Krebs, Inc.:

In Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249-50, 64 S.Ct. 997, 1002-03, 88 L.Ed. 1250 (1944), the Supreme Court held that an appellate court had the power to vacate its own judgment upon discovery that a fraud had been perpetrated upon it. Hazel-Atlas deliberately did not define the metes and bounds of this "fraud on the court" doctrine, but it did make clear that it has always been "characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved in these situations." Id. at 248, 64 S.Ct. at 1002. Courts obviously retain inherent power to ascertain whether their judgments were obtained by fraud. See Universal Oil Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct4. 1176, 1179, 90 L.Ed. 1447 (1946); Alberta Gas Chemicals, Ltd. v. Celanese Corp.,, 650 F.2d 9, 12-13 (2d Cir.1981); see also 7 Moore's Federal Practice ¶¶ 60.16[5], 60.33 (1979).

779 F.2d at 899.

While the Supreme Court recognized this doctrine in Hazel-Atlas, the saving clause of Fed.R.Civ.P.60(b) provides coextensive authority. See Williams 2005 WL 3348863, at *2, n.3 ("The Hazel-Atlas doctrine is based on a savings clause in Fed.R.Civ.P.60(b), which specifically provides for the continuing existence of this equitable power outside and independent of that rule.")(citing Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2870 (2d ed. 1995)); Cooey v. Bradshaw, 216 F.R.D. 408, 412 n.12 (D. Ohio 2003)(The "'savings clause' of Rule 60(b) permits a party to file a motion for an independent action or a fraud upon the court. These are separate sources for obtaining relief under the Rule.") (citing Buell v. Anderson, 48 Fed.Appx. 491, 494-95 (6th Cir.2002)). Thus, whether a "fraud upon the court" claim is styled as a Hazel-Atlas Action" or a Rule 60(b) saving clause action, the analysis is the same. Roccisano v. United States, 2003 WL 21396668 (S.D.N.Y. June 17, 2003)(construing an unsuccessful Section 2255 petitioner's "Hazel-Atlas Independent Action for Relief From Order Denying Section 2255 Motion" as Rule 60(b) motion).

"Although both clause (3) and the saving provision of Rule 60(b) provide for relief from a judgment on the basis of fraud, the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion." Gleason, 860 F.2d at 558 (citing Hazel-Atlas 322 U.S. at 244-46). In this regard, the type of fraud that involves witness prejury or fabricated evidence that does not involve officers of the court and that

could and should have been discovered during litigation and exposed at trial is not enough. Id. Instead, the petitioner must establish the type of fraud that "subvert[s] the integrity of the court itself, or is... perpetrated by officers of the court." Id. at 560. To succeed on a "fraud upon the court" claim, a petitioner "must satisfy a very demanding standard in order to justify upsetting the finality of the challenged judgment. In order to prove fraud upon the court, the petitioner must present clear, unequivocal, and convincing evidence of a 'deliberately planned and carefully executed scheme' by a court officer." Williams, 2005 WL 3348863, at * 2 (quoting Hazel-Atlas, 322 U.S. at 245 and citing Herring v. United States, 424 F.3d 384, 386-387 (3d Cir.2005)).

**Independent Action**

An independent action for fraud upon the court may not be entertained if "'there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'" M.W. Zack Metal v. Intern. Nav. Corp. of Monrovia, 675 F.2d 525, 529 (2d Cir.____) cert. denied, 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982)(quoting Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 n.2 (2d Cir.____), cert. denied, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972)).

> [T]he law is ... clear that a court's discretion to entertain an independent action should be exercised only to avoid a "grave miscarriage of justice" or "manifest injustice." See, e.g., United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)("an independent action should be available only to prevent a grave miscarriage of justice); Hazel-Atlas

> Glass Co. v. Harford-Empire Co., 322 U.S. 238, 244-45, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)("[o]ut of deference to the deep rooted policy in favor of the repose of judgments entered during past terms, courts of equity have been cautious in exercising their power over such judgments[;][b]ut where the occasion has demanded, where enforcement of the judgment is 'manifestly unconscionable,' they have wielded the power without hesitation")(internal quotation omitted).

Miller, 2006 WL 753187, at * 5.

**FRAUD ALLEGED WITHIN THE MEANING OF HAZEL-ATLAS GLASS CO.; AOUDE V. MOBILE OIL CORP., 892 F.2d 1115 (1ST CIR.1989)**

As a direct result of a wrong against the institution(s)[3/] set to protect and safe guard the public; institutions in which fraud cannot complacently be tolerated consistently with the good order of society, see Hazel-Atlas, 322 U.S. at 246, i.e., the named officers of the court infra, interference with the judicial system and its ability to adjudicate a matter by improperly influencing the trier of fact with misleading, inflated and fraudulent claims/evidence, see Aoude v. Mobile Oil Corp., petitioner was wrongly convicted of extortion and was sentenced to life inmprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A).

Specifically, Shelden Whitehouse, former United States Attorney for the District of Rhodes Island, James Levey, former First Assistance United States Attorney for the District of Rhode Island, Kenneth P. Madden, Assistance United States Attorney for the District of Rhode Island (officers of the court), in concert with various named[4/] and unnamed agents of said officers

of the court, intentionally, deliberally, and malicously designed implemented and executed a scheme to fabricate evidence intended to influence a federal grand jury sitting in the District of Rhode Island and the trier of fact of the underlying case into indicting and convicting petitioner of extortion in violation of 18 U.S.C. §§ 2, 894.

In support of the claims herein, petitioner offers the following: Sworn Affidavit of Gerard T. Ouimette which is appened hereto and incorporated by reference as though fully set forth herein. Ex. A; See Fed.R.Civ.P.10(C); The Affidavit of Paul Calenda which is appended hereto and incorporated by reference as though fully set forth herein. Ex. B., Paul Calenda; Ex. C., Paula (Cappola) Bianco; Ex. D., Richard Barone; Ex. E., Terrence McDonough; Ex. F, Gina Gauvin; Ex. G., Bobby Jo Dumont.

---

Footnote 3/ The jurisdiction of the federal courts must find its basis in Article III of the Constitution. From the First Judiciary Act to the present, Congress has provided that in certain instances the jurisdiction of the federal courts shall be exclusive of the courts of the several states, though federal jurisdiction is not exclusive unless Congress chooses tomake it so, either expressly or by fair implication. The most significant areas in which Congress has made federal jurisdiction exclusive are bankruptcy proceedings, patent and copyright cases, cases involving fines, penalties, forfeitures, or seizures, under laws of the United States, and crimes against the United States.

4/ Robert Lauro, Providence Police Task Force; Raymond Mansollilo, DEA (Drug Task Force); Mr. Ghio (phonetic), Special Agent FBI; Mr. Studdes, Special Agent FBI

## ARGUMENT

Under limited circumstances, federal district courts have an inherent power to modify judgments obtained by fraud. This power is sparingly used "because the consequences are severe" and threaten to undermine our legal system's respect for the finality of judgments. Weese v. Schukman, 98 F.3d 542, 533 (10th Cir.1996). As stated by the Sixth Circuit:

> the phrase 'fraud on the court' has been narrowly read, and the concept should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

Harbold v. Comm'r of Internal Revenue, 51 F.3d 618, 622 (6th Cir. 1995)(quoting Kupferman v. Consol. Research & Mfg. Corp. 459 F.2d 1072, 1078 (2d Cir.1972))(internal quotations omitted).

First, like the definitive evidence of a sxheme to defraud the PTO and court in Hazel-Atlas, the evidence that Petitioner marshals in support of his claims is compelling. The attached and incorporated affidavits sets forth several conclusions as to the existence of the alleged conspiracy to frame petitioner by officers of the court in order to secure a conviction of extortion and said affidavits rebut the testimony of the witnesses who appeared at the trial in this case. The affidavits present first-hand knowledge of the conspiracy, and it proffers a motivation, i.e., ... "This fraud was intended to place Paul Calenda in a

position of vulnerability so as to use Calenda to trap Gerard Ouimette. Buehne lied, threatened, coerced and intimidated both myself Paula Cappola, now Paula Bianco, into committing perjury in the Grand Jury against Gerard Ouimette. I was part of numerous conversations to orchestrate testimony prepared by Buehne for the purpose of convictiong Gerard Ouimette unfairly," i.e., Ex. C.

Therefore, based on the evidence presented it would be equitable to order discovery and judicial process on the strong evidentiary showings.

## SUMMARY OF ARGUMENT

A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme, such as in the instant case a deliberate fabrication of evidence, calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.

Because corrupt intent knows no stylistic boundaries, fraud on the court can take many forms. The present case is a near-classic example of the genre.

## CONCLUSION

As evidenced by the sworn statements and depositions appended hereto Sheldon Whitehouse, James Levey and Kenneth P. Madden, former and present officers of this court committed gross misbehavior

constituting fraud on this Court, See Cleveland Demolition Co. v. Azon Scrap Corp., 827 F.2d 984, 986 (4th Cir.1987)(fraud on court may exist where witness and attorney conspire to present perjuried testimony); Rozier v. Ford Moter Co., 573 F.2d 1332, 1338 (5th Cir.1978)(same, where party, with counsel's collusion, fabricates evidence), and tampering with the administration of justice in the manner indisputabley shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be to tolerated consistently with the good order of cociety.... The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

## STATEMENT RELATED TO THE APPLICATION OF THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA")

An action seeking relief based on a fraud upon the court claim is distinct from a habeas petition and is not governed by the Anti-Terrorism and Effective Death Penalty Act of 1996.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. 104-132, 110 Stat. 1214, amended 28 U.S.C.S. §§ 2244 and 2255 to prohibit the filing of second or successive habeas petitions under § 2255 absent certification by a panel of the appropriate court appeals either that new evidence was discovered

or that a new rule of constitutional law was announced that was made retroactive to cases on collateral review to the Supreme Court.

Although AEDPA on its face restricts only successive habeas petitions, other petitions for post-conviction relief have frequently been recignized to be the functional equivalent of successive habeas petitions such that AEDPA's restrictions would apply.

An independant action for relief from a judgement or order, filed under Fed.R.Civ.P. 60(b), is the appropriate vehicle for challenging, on the basis of fraud committed on the court or other equitable considerations, that judgement or order after the expiration of the strict one year time limit on Fed.R.Civ.P. 60(b)(3) motions.

WHEREFORE, all premises considered, petitioner prays that this Honorable Court set this matter for an evidentiary hearing and for other such relief as the Court deems appropiate and just.

Dated: 6-11-08

Respectfully submitted,

Gerard T. Ouimette

## CERTIFICATE OF SERVICE

I, Gerard T. Ouimette, hereby certify that on this ___ day of __________, 2008, I mailed "Defendant's Hazel-Atlas Motion; Supporting Memorandum Of Law, And Statement Related To The Inapplication of The Anti-Terrorism And Effective Death Penalty Act", by Registered Mail, Registered Mail No.: RB 841 552 243 US , postage prepaid and by utilizing the legal-mail mailing system here at USP-Terre Haute, to the Clerk of Court and a copy to:

Robert Clark Corrente, U.S. Attorney
and Kenneth P. Madden, AUSA
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Gerard T. Ouimette
Reg. No. ____________
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

## DECLARATION

I, Gerard T. Ouimette, hereby declare that the above is true and correct pursuant to the penalty of perjury of the laws of the United States. 28 U.S.C. § 1746, 18 U.S.C. § 1621.

EXECUTED this 11 day of JUNE, 2008.

Gerard T. Ouimette