UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

*************************

GERARD T. OUIMETTE,
Petitioner

NO. 99-489

v.

UNITED STATES OF AMERICA,
Respondent

******************************

AFFIDAVIT OF LOUIS F. ROBBIO, ESQ.

I, LOUIS F. ROBBIO, make affidavit and say:

1. I am a retired attorney living at 1230 Fishtail Palm Court, North Port, Florida, 34288. I am admitted to practice in the State of Rhode Island and before the United States District Court for the District of Rhode Island, the United States Court of Appeals for the First Circuit, the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. I have also been admitted *pro hac vice* in several jurisdictions, including Massachusetts.

2. I was admitted to the bar of the State of Rhode Island in 1971. I have not actively practiced since January 1998. My practice included handling matters in the area of criminal law representing persons charged with crimes in the State and Federal courts in several areas within the United States.

3. In the spring of 1994 I began my representation of Gerard T. Ouimette in a matter before the United States District Court, District of Pennsylvania. In the spring of 1995 I was retained by Gerard T. Ouimette to represent him in the matter of United States v. Gerard T. Ouimette, et al Ind. No. 95-0029. Mr. Ouimette was charged along with other defendants with extortion of one, Paul Calenda and David Duxbury.

4. I represented Mr. Ouimette at the preliminary stages of this matter until Mr. Ouimette retained attorney Richard Egbert, Boston, Massachusetts as lead attorney for his defense. I was retained as local counsel.

5. Mr. Egbert prepared and filed a number of pre-trial motions, including a Motion to Sever, and following their denial, Mr. Ouimette was tried before a jury along with codefendants Robert DeLuca and James Gellerman with the aforementioned extortion of Paul Calenda and David Duxbury.

6. Prior to the trial, I met with Mr. Ouimette alone and with Mr. Egbert to discuss various aspects of the government's case including audio/video tapes of conversations between Mr. Ouimette and government witnesses. At all times, Mr. Ouimette insisted that he did not engage in the conduct for which he was charged.

7. Mr. Egbert did, on numerous occasions, meet with Mr. Ouimette while I was not present to discuss various defense options. To the best of my knowledge, the issue relating to whether or not Mr.Ouimette would testify on his own behalf was not discussed at such an early stage in the case. I do not have any recollection of such a discussion with me at this point in the proceedings. I did meet with Mr. Ouimette on many occasions in the absence of Mr. Egbert.

8. The government's case rested primarily on the credibility of one of the alleged victims, David Duxbury, and government informants, Paula Coppolla and James Gellerman and audiotape recordings between Mr. Ouimette and government informants Paula Coppola and Robert Beuhne.

9. Paul Calenda, an alleged victim, did not testify and was not available for cross examination regarding the substance of the alleged extortion.

10. Robert Beuhne, a key government informant did not testify and was not available for cross examination.

11. Through discussions with Mr. Egbert, I understood that it was Mr. Egbert's trial strategy to discredit available witnesses through cross examination and through such cross examination to present to the jury an alternative explanation of Mr. Ouimette's conduct and statements on the government's recordings. I understood as a result of conversations with Mr.

Egbert that calling Mr. Ouimette to testify on his own behalf was not part of Mr. Egbert's trial strategy.

12. I was told by Mr. Ouimette at one point in the trial proceedings Mr. Ouimette raised the issue of testifying in his own defense but he was advised by Mr. Egbert that he was opposed to his doing so and Mr. Egbert continued with the original trial strategy.

13. Mr. Ouimette did, on several occasions, ask me for an assessment of the outcome of this trial. As I was not lead counsel, I did not comment and referred his question to Mr. Egbert. Mr. Egbert, near the middle of the trial, did express some concerns regarding the outcome of the case. To the best of my knowledge, Mr. Egbert expressed the same concerns to Mr. Ouimette. Mr. Ouimette, from that time on and on numerous occasions, stated to me that "he had to take the stand" to explain his comments and actions that were being distorted by the government. He was quite adamant that he had to do so if he had any chance of an acquittal. He told me he had expressed these same concerns to Mr. Egbert as well but Mr. Egbert strongly disagreed.

14. Following the government's case-in-chief, Mr. Ouimette continued to insist that he had to testify on his own behalf. He told me that Mr. Egbert was totally opposed to the idea and that to allow him to do so was contrary to his professional judgment. I was also told by Mr. Ouimette that he and Mr. Egbert had several heated discussions about this issue but Mr. Egbert refused to change his position.

15. Mr. Ouimette never testified on his own behalf in total deference to Mr. Egbert's insistence that he not do so and therefore the jury had neither an opportunity to hear his explanation of the events and comments on the audiotapes nor an opportunity to weigh his credibility against that of the government's witnesses.

Signed under the pains and penalties of perjury this 2nd day of July, 2008

Louis F. Robbio, Esq.
1230 Fishtail Palm Court
North Port, FL 34288
(941) 429-2194

The foregoing instrument was acknowledged before me this 2nd day of July, 2008 by Louis F. Robbio, who is personally known to me.

Notary Public

[Notary Seal]

Printed Name: Noni R. Korst

Notary Public State of Florida
Noni R Korst
My Commission DD390411
Expires 01/27/2009

**CERTIFICATE OF SERVICE**

On this 11th day of April, 2008, I caused the within Notice of Appearance to be filed electronically and it is available for viewing and downloading from the ECF system. On this date, I also sent a copy of this Motion, via first class mail, to the following:

Gerard T. Ouimette
Reg. No. 02519-070
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

/s/ KENNETH P. MADDEN
KENNETH P. MADDEN
Assistant U.S. Attorney
RI Bar #1680
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
kenneth.madden@usdoj.gov

I hereby certify that I have mailed a copy of the within to Kenneth Madden Esq. at U.S. Attorney's Office.