IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Original Case Nos: 99-489T |
| | ) 95-029T |
| GERARD T. OUIMETTE | ) |

PETITIONER'S REPLY TO THE GOVERNMENT'S OBJECTION TO THE DEFENDANT'S HAZEL-ATLAS MOTION

NOW COMES the Petitioner-Defendant and hereby files the foregoing reply to the government's objection to the defendant's Hazel-Atlas motion and submits to the Court as follows:

I. ARGUMENT

A. Petitioner-Defendant's filing does not constitute a second or successive § 2255 motion

The government erroneously claims that petitioner-defendant's ("petitioner") filing constitutes a second or successive § 2255 motion "[r]egardless of the label [petitioner] places on [his] filing," Objection at pg 8, however, a plaintiff (here petitioner) is generally regarded as the "master of the complaint", See Stratoti v. Kroger Co., 184 F.Supp.2d 718, 720 (S.D. Ohio Jan. 30, 2002); ASHLEY v. SOUTHWESTERN BELL TEL. CO., 410 F.Supp 1389, 1393 (W.D. Tx. Apr. 6, 1976); and a petitioner "may assert...claims against its defendants as it chooses." In re Enron Corp. Sec., Derrivative & ERISA Litigation, 258 F.Supp.2d 576, 611 n.32 (S.D. Tex. Mar. 12, 2003).

Because petitioner's Hazel-Atlas motion does not assert a claim but instead alleges a fraud upon the Court, it cannot be properly construed as a second or sucessive § 2255 and does not require prior certification from the Court of Appeals.

A "fraud on the Court" occurs where it can be demonstrated... that a party has sentiently set in motion some unconscionable scheme calculated to interfer with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of unfairly hampering the presentation of the opposing party's claim or defense. See e.g., Alexander v. Robertson, 882 F.2d 421, 424 £9th Cir. 1989·; Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, 195 8th Cir. 1976·; England v. Doyle, 281 F.2d 304, 309 9th Cir. 1960·; United Business Communications, Inc. v. Racal-Milgo, Inc., 591 F.Supp. 1172, 1186-87 (D.Kan. 1984); United States v. ITT Corp., 349 F.Supp. 22, 29 (D. Conn. 1972), aff'd mem., 410 U.S. 919 (1973).

Because corrupt intent knows no stylistic boundaries, fraud on the Court can take many forms, see Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989), and as alleged in the case at bar, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is, if allowed to be proven, a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society...the public welfare demands agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

See Házel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1942).

Contrary to the government's position, the options of a federal judge confronted by such odious machinations possesses plenary authority "to manage their own affairs so as to achieve the orderly and expeditious dispositions of cases."

What constitutes fraud upon a court cognizable under Hazel-Atlas?

The Eleventh Circuit recited the following circumstances that would constitute a fraud upon the court:

"Fraud upon the court should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the court and the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication...given the absence of a rigid time limitation for bringing an independent action, and the 'deep-rooted federal policy of preserving the finality of judgments... the moving party must prove this fraud by clear and convincing evidence and must demonstrate that the conduct prevented the movant from fully presenting his case." See Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003).

Of course, the provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the Court's conscience that justice be done in light of all the facts." (Citation omitted).

Accordingly, the record here reflects that defendant's allegations, if ultimately proven to be true, would in fact be cognizable under Hazel-Atlas, and moreover, without question, the government has failed to rebut any of the allegations made by defendant with any evidence (affidavit constitutes evidence, Johnson v. City & County of Philadelphia, 1996 U.S. Dist. LEXIS 18340 (E.D. Pa. Dec. 6, 1996); Aniero Concrete Co. v. New York City Construction Authority, 2000 U.S. Dist. LEXIS 8833 (S.D. N.Y. June 27, 2000) which refutes defendant's allegations.

Wherefore, all premises considered, the court should overrule the government's objections and set this matter for an evidentiary hearing on the claims.

Dated: 8-1-08

Respectfully submitted,

GERARD T. OUIMETTE

CERTIFICATE OF SERVICE

I hereby certify that a true correct copy of the foregoing was served on the following adverse party of interest via postage paid first-class U.S. Mail and addressed as follows:

GERARD T. OUIMETTE