UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GERARD J. OUIMETTE          :
                            :
       v.                   :     C.A. No. 99-489ML
                            :
UNITED STATES OF AMERICA    :

**MEMORANDUM AND ORDER**

Petitioner commenced this action on October 7, 1999 under 28 U.S.C. § 2255 seeking to vacate a sentence of life imprisonment imposed in <u>United States v. Ouimette</u>, CR No. 95-29T, on February 1, 1996. On September 23, 2009, Petitioner moved for my recusal as the assigned Magistrate Judge in this case pursuant to 28 U.S.C. § 455(b)(5). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local Rule Cv 72. For the reasons discussed below, Petitioner's Motion is DENIED.

Petitioner argues that recusal is warranted because "the assigned magistrate judge is the son of a former Attorney General of the State of Rhode Island who participated in the prosecution of petitioner on state felony charges." (Document No. 68 at pp. 2-3). The premise for Petitioner's Motion is factually inaccurate. My father never held the position of Attorney General of the State of Rhode Island and was never employed in that office.

Under 28 U.S.C. § 455(b)(5), recusal is required if "a person within the third degree of relationship" to the judge, such as a parent:

   (i)   Is a party to the proceeding, or an officer, director, or trustee
         of a party;

   (ii)  Is acting as a lawyer in the proceeding;

   (iii) Is known by the judge to have an interest that could be

>   substantially affected by the outcome of the proceeding;
>
> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Of these circumstances, only the first ("is a party to the proceeding") and the second ("is acting as a lawyer in the proceeding") require discussion as the other two are clearly inapplicable. Although my father was never the Attorney General of the State of Rhode Island as erroneously claimed by Petitioner, my father did previously serve as the United States Attorney for the District of Rhode Island. He left that position in 1993 well before the underlying criminal case (<u>United States v. Ouimette</u>, CR No. 95-29T) was commenced in 1995. My father did not, and could not, have had any participation as a party or lawyer in either this proceeding brought under 28 U.S.C. § 2255 or the underlying criminal prosecution commenced in 1995. Thus, recusal is not mandated by 28 U.S.C. § 455(b)(5). In addition, the fact that my father was previously employed as a federal prosecutor in no way impairs my ability to be a fair and impartial judicial officer in this or any other criminal case, and it is not a basis in my judgment upon which my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

   For the foregoing reasons, Petitioner's Motion for Recusal (Document No. 68) is DENIED.

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States District Court
October 20, 2009