**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA     :
     :
vs.     :     CA No.  99-489-ML
     :
GERARD T. OUIMETTE     :

**MEMORANDUM AND ORDER DENYING**
**MOTION TO REOPEN  2255 PROCEEDINGS**

Mary M. Lisi, Chief United States District Judge

     Gerard T. Ouimette has filed a "Motion to Reopen 2255 Proceedings pursuant to Fed. R. Civ. P. 60(b)(6)," seeking reconsideration of a judgment entered in June 2001 denying his initial motion to vacate sentence in the above matter.[1]  For the reasons that follow, that motion must be denied.

I.   <u>BACKGROUND AND TRAVEL</u>

     Ouimette was convicted, along with a co-defendant, after a seven-day jury trial of one count of conspiracy to collect extensions of credit by extortionate means, in violation of 18 U.S.C. § 894, and two counts of aiding and abetting the collection of extensions of credit by extortionate means, in violation of 18 U.S.C. §§ 2 and 894.[2]  On each of the three counts, he was sentenced to concurrent terms of life imprisonment without parole, pursuant to the "three strikes" provision of 18 U.S.C. § 3559(c)(1)(A).  During all pretrial and trial proceedings, Ouimette was represented by Attorneys Richard Egbert and Louis Robbio.  All proceedings in ths Court were conducted before Judge Ernest C. Torres.

---

    [1]  Ouimette has also filed a so-called "Hazel-Atlas Motion," which seeks to challenge his conviction on different grounds.  That motion is addressed in a separate Memorandum and Order.  <u>See</u> this case, Memorandum and Order Denying Hazel-Atlas Motion (Doc. #100).

    [2]  Specifically, Ouimette was convicted of extorting money from David Duxbury at the Satin Doll Club and, separately, of extorting the repayment of a debt allegedly owed by Paul Calenda to Ouimette's co-defendant, Robert DeLuca, Sr.  DeLuca, Sr. was convicted on similar counts and sentenced to 128 months imprisonment.  His conviction and sentence were affirmed on appeal.

After his motion for new trial was denied, Ouimette appealed, represented by different counsel. The Court of Appeals affirmed his conviction and sentence, and the Supreme Court denied his petition for writ of certiorari on October 5, 1998. See United States v. DeLuca, 137 F.3d 24 (1st Cir.), cert. denied Ouimette v. United States, 525 U.S. 917 (1998).

On October 4, 1999 – on the eve of the expiration of the one-year limitations period – Ouimette filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, together with various supporting papers. That motion raised numerous claims pertaining to his trial and sentence, including two claims of ineffective assistance on the part of his trial counsel and appellate counsel. Ouimette then sought to add two supplemental claims to his motion.[3] In addition, some two weeks after the filing of his original motion to vacate, Ouimette filed an affidavit (Doc. #8) in which he asserted that his trial counsel refused to permit him to testify at trial concerning his motives for making incriminating statements to one of his victims, Paul Calenda and to others. These statements were recorded and played to the jury at trial. Ouimette's affidavit is further discussed, infra.

After various ancillary motions were made by Ouimette and denied, the Court (Torres, J.) denied the motion to vacate on June 21, 2001. In his ruling Judge Torres found that the supplemental claims were untimely and that the original claims asserted in the motion to vacate, including both ineffective assistance claims, were meritless. See Memorandum and Order dated June 21, 2001 (Doc. #18.) The ruling did not address the assertions in Ouimette's affidavit

---

[3] The claims asserted in Ouimette's original motion to vacate included alleged deficiencies in the indictment, prosecutorial misconduct, witness-related issues, erroneous jury instructions, errors in sentencing and ineffective assistance of counsel in connection with the foregoing claims. The two supplemental claims alleged that James "Slugger" Gillerman, a Government witness, testified falsely at trial and that Bobby Jo Dumont, another Government witness, was coerced by the Government into giving false testimony before the grand jury. None of those claims are at issue here.

concerning his counsel's failure to permit him to testify at trial.

Ouimette's request for a Certificate of Appealability (COA) was denied by both this Court and the Court of Appeals. In its denial, the Court of Appeals noted *inter alia* (1) that even if the supplemental claims could have been considered, they were without merit; and (2) that "[g]iven the weight of the evidence against [Ouimette], . . . we are not persuaded that prejudice resulted from counsel's alleged failure to allow [Ouimette] to testify to his reasons for being 'outraged' at Calenda during certain of his recorded conversations." Ouimette v. United States, Dkt. No. 01-2066 at 2 (1st Cir. Feb. 21, 2002) ("2/21/02 Judgment").

In 2005 Ouimette filed a petition with the First Circuit Court of Appeals for leave to file a second or successive §2255 motion to vacate, based on alleged newly discovered evidence and a challenge to the Federal "Three Strikes" statute. The Court of Appeals denied the petition. See Ouimette v. United States, Dkt. No. 05-1980, Judgment (1st Cir. Sept. 1, 2005) ("9/1/05 Judgment")[4]

In March 2008, more than six years after the denial of his original motion, Ouimette filed the instant motion to re-open. In the motion Ouimette alleges that the refusal of his trial counsel to permit him to testify at trial violated his Sixth Amendment rights and warrants relief from his conviction. The Government filed an objection to this motion. Ouimette then filed a Reply to the

---

[4] In denying the further review, the Court of Appeals noted that:

Given the weight of the evidence against movant, including his videotaped demand for $50,000 and his recorded threat that, if Paul Calenda failed to make a payment by Monday, "maybe [by] Tuesday he's going to get a shot," United States v. DeLuca, 137 F.3d 24, 29 (1st Cir. 1998), we are not persuaded that the newly discovered evidence would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of his offenses. 28 U.S.C. § 2255, ¶ 8(1). As for the challenge to the federal "three strikes" statute, that claim does not rely upon "a new rule of constitutional law[] made retroactive to cases on collateral review by the Supreme Court."

9/1/05 Judgment at *1.

Government's objection and has made additional filings in support of his motion.[5] During the course of these filings this matter was re-assigned to the undersigned. The matter is ready for decision.[6]

## II.  DISCUSSION

In his motion to re-open Ouimette asserts that the refusal of his trial counsel to permit him to take the stand at trial violated his Sixth Amendment right to testify in his own defense. He points to a recent First Circuit decision in Owens v. United States, 483 F.3d 48 (1st Cir. 2007), as new law which supports his claim and warrants the reopening of his motion to vacate. (Motion to Reopen at 4-6 .)  This motion falls short on several fronts.

Although labeled a "motion to reopen" the judgment denying Ouimette's original motion to vacate, the motion actually seeks relief from that judgment, pursuant to Fed. R. Civ. P. 60(b).[7] The law regarding the use of such motions in postconviction proceedings is well-established:

---

[5]  Ouimette's filings in support of the instant motion and his Hazel-Atlas motion are voluminous and include memoranda and supplemental memoranda of law, affidavits, exhibits and other supporting papers, totaling more than 150 pages. The supporting affidavits include an affidavit from each of his trial counsel, Attorney Egbert and Attorney Robbio. In addition, Ouimette has filed a number of ancillary motions in connection with his two principal motions, including motions for the recusal of a magistrate judge and a prosecutor, respectively. These ancillary motions have generally been denied by this Court. See e.g. Text Ruling dated Jan. 29, 2010 (denying various motions ); Mem. & Order dated Dec. 21, 2009 (denying and dismissing objections to Report and Recommendation denying recusal motion);  Order dated Feb. 11, 2010 (adopting Report and Recommendation denying request for IFP status) (Doc. #91).

[6]  Although Ouimette has requested a hearing on his motion, no hearing is required in connection with any issues raised by the instant motion to re-open, given this Court's disposition of that motion and because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to re-open are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (same).

[7]  Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:
(b)  On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud ..., misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[A] motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." [Citation omitted.] If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." [Citation omitted.]

Munoz v. United States, 331 F.3d 151, 152-153 (1st Cir. 2003), quoting Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)(same, as to judgment on §2254 petition). See also Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (holding, in §2254 context, that only when a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," should it be considered a rule 60(b) motion and not a successive habeas petition).

If a Rule 60(b) motion is deemed to be a "second and successive" petition, a court must dismiss it for lack of subject matter jurisdiction, or alternatively transfer the matter to the Court of Appeals for authorization pursuant to 28 U.S.C. § 2244(b)(3) and § 2255(h)[8] See Munoz, 331 F.3d at 153; United States v. Barrett, 178 F.3d 34, 41 and n. 1 (1st Cir. 1999).

Here, the crux of the claim asserted in Ouimette's rule 60(b) motion -- that his counsel did not permit him to testify in his own defense at his criminal trial -- clearly challenges his underlying conviction in that case. As such, the motion constitutes a second and successive § 2255 motion to

-------------------------------------

[8]   28 U.S.C. § 2255(h) provides in pertinent part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(Emphasis added.)

vacate, and Ouimette must "obtain from 'the appropriate court of appeals . . . an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255)." Munoz, 331 F.3d at 153 (citing Rainieri v. United States, 233 F.3d 96, 99 (1st Cir. 2000)). There is nothing in the record to indicate that Ouimette has obtained such authorization from the First Circuit pursuant to § 2255(h) and § 2244(b)(3).[9] Absent such authorization, this Court is without jurisdiction to consider the motion. See id.

Ouimette argues that the instant motion challenges a 'procedural irregularity' in the disposition of his original §2255 motion -- namely that Judge Torres, in the course of denying that motion, failed to address his claim that he was effectively prevented by his counsel from testifying in his own defense. (Motion to Reopen at 3-4.) This argument fails for two reasons.

First, that claim was not raised in Ouimette's original motion to vacate[10] or in his two supplemental claims but only in his affidavit filed some two weeks later.[11] Thus, it is questionable whether the Court was even required to address it. See Cody v. United States, 249 F.3d 47, 53, n. 6 (1st Cir.2001) (ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived). Even if the claim should have been addressed, a court's failure to address a claim

---

[9]  The fact that Ouimette previously attempted (unsuccessfully) to obtain authorization from the First Circuit to file a second or successive §2255 petition, see 9/1/05 Judgment, clearly does not obviate the need to seek authorization here.

[10]  The ineffective assistance claims asserted in the original motion to vacate pertained to counsel's alleged failure (1) "to prove to the court that [Ouimette's] prior state convictions were obtained unconstitutionally and were non-qualifying strikes pursuant to [18 U.S.C.] §3559," and (2) to require the Government "to affirmatively prove that [his] pleas" in those prior convictions "were voluntarily and intelligently given." (Motion to Vacate, Ground 9.)

[11]  The Government argues that because Ouimette's affidavit asserting his right-to-testify claim was filed after the one-year limitations period had run and the claim does not relate back, the claim is in any event untimely. See Felix v. Mayle, 545 U.S. 644, 655-56 (2004). While the Government may well be correct, this Court need not determine that issue because, as noted infra, even if timely, the claim has already been considered and rejected by the Court of Appeals and is without merit. See 2/21/02 Judgment.

that is not asserted in a petitioner's motion but made only in supporting papers does not constitute a "procedural irregularity" justifying relief under Fed. R. Civ. P. 60(b).

Second, and more importantly, this claim in any event <u>was</u> addressed and rejected by the First Circuit in its ruling denying a COA to review the denial of §2255 relief. <u>See</u> 2/21/02 Judgment at 1 (finding no prejudice from Ouimette's failure to testify). This finding constitutes the law of the case governing Ouimette's subsequent postconviction proceedings. <u>See</u> <u>United States v. Rivera-Martinez</u>, 931 F.2d 148, 150 (1st Cir.1991) ("when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand.").

In short, Ouimette's filing of the instant rule 60(b) motion in lieu of requesting the necessary certification by the Court of Appeals under 28 U.S.C. § 2244(b)(3) constitutes an impermissible "end run" around the gatekeeping requirements of the statute. Accordingly, the motion must be dismissed. <u>See</u> <u>United States v. Barrett</u>, 178 F.3d 34, 41 (1st Cir. 1999) (quoting <u>Pratt v. United States</u>, 129 F.3d 54, 57 (1st Cir. 1997)).

Finally, even if this Court could address Ouimette's ineffective assistance claim on the merits, it would fail. The affidavits of Attorney Egbert and Ouimette submitted on this claim (Exhs. A and B to Supplement to Motion to Reopen 2255 Proceedings [Doc. # 35]) merely show that they had a number of conversations, some heated, concerning whether Ouimette should testify at trial but that Attorney Egbert believed it was in Ouimette's best interests not to do so. This falls short of coercion depriving Ouimette of his constitutional right. Moreover, by his own words, Ouimette wanted to testify in order to explain his incriminating statements and actions, not to deny that he made the statement or took the action (Ouimette Aff. dated April 2, 2008 at ¶¶ 4-5) -- a strategy that counsel reasonably could have concluded would reinforce, rather than rebut, the Government's evidence on

this point. In addition, as noted above, the First Circuit has already determined that no prejudice resulted from counsel's unwillingness to permit Ouimette to testify concerning his conversations with his victims Calenda and Duxbury. See 2/21/02 Judgment at 2, ¶ 8. See also McCann v. United States, 528 F.Supp.2d 4, 8 (D.Mass. 2008) (counsel's failure to permit defendant to testify at trial was not deficient performance nor was petitioner prejudiced).

Ouimette relies on Owens v. United States, 483 F.3d 48 (1st Cir. 2007), to justify his claim. In Owens the First Circuit held that the failure of counsel to inform the defendant of his right to testify in his own defense could constitute ineffective assistance. Id. at 57-61. The court reversed the district court's denial of § 2255 relief and remanded the case for an evidentiary hearing on whether Owens' counsel did so inform him. Id. at 61.

Contrary to Ouimette's contention, Owens does not assist his claim. First, the case, decided by Court of Appeals, does not constitute "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable," §2255(h)(2), so as to justify the reopening of his §2255 case. Indeed, the court's recognition that a criminal defendant's fundamental right to testify in his own defense must be waived personally by the defendant cited to case law that pre-dated Ouimette's trial. Id. at 58 (citing inter alia Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993) and Vega-Encarnacion v. United States, 1993 WL 138536, at *3 (1st Cir. 1993)). Moreover, Owens is factually distinguishable from the instant case, as it concerned defense counsel's alleged failure to inform a defendant of his right to testify. Id. at 58-59. Here, there is no question that Ouimette knew of his right to testify, as it is undisputed that he and Attorney Egbert had a number of conversations concerning whether he should do so. Given Ouimette's extensive criminal record and other evidence, this Court cannot say that trial counsel's unwillingness to put Ouimette on the stand was unreasonable.

-8-

In short, Ouimette's claim --even if it could be considered on the merits – is in essence nothing more than a belated attack on trial counsel's strategy tactics, and is not sufficient to show objectively deficient performance.[12] See Lema, 987 F.2d at 52-53 (upholding counsel's trial strategy advice not to have defendant testify despite defendant's initial disagreement). See also Strickland v. Washington, 466 U.S. 668, 689 (1984) (counsel's performance should not be judged under "the distorting effects of hindsight" but rather evaluated "from counsel's perspective at the time").

This Court has considered Ouimette's remaining arguments and finds them to be without merit.

### III.   CONCLUSION

For all of the foregoing reasons, Ouimette's Motion to Reopen 2255 Proceedings pursuant to Fed. R. Civ. P. 60(b)(6) is DENIED and DISMISSED.[13] The Motion for Hearing (Doc.#36) is likewise denied.

Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts (2255 Rules), this Court hereby finds that this case is not appropriate for the issuance

---

[12]   In his affidavit Attorney Egbert states that his principal strategy was to discredit the Government's witness on cross-examination and that "calling Mr. Ouimette to testify in his own defense was not part of my trial strategy" and further that "there is no question that Mr. Ouimette wanted to testify in his own defense. I continued to counsel him to the contrary in accordance with my professional judgment." (Egbert Aff., ¶¶ 10, 14.) Attorney Robbio's affidavit echoes this and adds no new details.

[13]   This Court is cognizant that the instant matter may alternatively be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3) for possible authorization as a second and successive §2255 motion. See Barrett, 178 F.3d at 41 n. 1 (noting that while several circuits require transfer in such situations, the First Circuit has yet to implement such a blanket mandate). Here, the Court finds that dismissal of the instant Rule 60(b) motion to reopen is warranted, as its flaws (discussed above) constitute a clear violation of the procedural requirements of AEDPA for postconviction filings. Moreover, as noted above, if construed as a potential second and successive motion, the motion to reopen is untimely, having been filed more than nine years after the conviction became final.

of a certificate of appealability (COA) because Ouimette has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Ouimette is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> 2255 Rule 11(a).

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge

May 6 , 2010

-10-